IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRIEANN ROSEMEIER, | No. 4:22-CV-00659 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| COLLISION INDUSTRIES, INC. d/b/a COLLISION CENTER, | |
| Defendant. | |

**MEMORANDUM OPINION**

**AUGUST 21, 2023**

## I.   BACKGROUND

This case concerns a property dispute between Lorrieann Rosemeier ("Rosemeier"), the widow of the late Robert J. Rosemeier ("Decedent"), and Decedent's company, Collision Industries, Inc. ("Collision Center"). Rosemeier, who assumed sole ownership of a property at 229 Hanna Street, Lock Haven, Pennsylvania ("Subject Property") upon her husband's death, seeks to eject Collision Center from the Subject Property. Collision Center had leased the Subject Property for many years previously, and recently signed a new lease (the "Lease") for the property with Decedent's Estate. Rosemeier contends that this lease is invalid and therefore seeks to eject Collison Center, while Collision Center argues that it has a legal right to occupy the Subject Property based on the Lease.

Rosemeier now moves for summary judgment. For the reasons set forth below, the Court grants the motion.

## II.  DISCUSSION

### A.  Summary Judgment Standard of Review

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[1] The Supreme Court of the United States has advised that Federal Rule of Civil Procedure 56 "should be interpreted in a way that allows it to accomplish this purpose."[2] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

Material facts are those "that could alter the outcome" of the litigation, "and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[4] A defendant "meets this standard when there is an absence of evidence that rationally supports the plaintiff's case."[5] And a plaintiff must "point to admissible evidence that would be sufficient to show all elements of a *prima facie* case under applicable substantive law."[6]

---

[1]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[2]  *Id.* at 324.
[3]  Fed. R. Civ. P. 56(a).
[4]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[5]  *Clark*, 9 F.3d at 326.
[6]  *Id.*

A judge's task when "ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."[7] Thus, if "the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."[8]

"The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."[9] Part of the judge's role at this stage is to ask "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."[10] In answering that question, the Court "must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."[11]

The party requesting summary judgment bears the initial burden of supporting its motion with evidence from the record.[12] For example, while "at the motion-to-

---

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).
[8] *Id.*
[9] *Daniels v. School Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252 (alterations in original).
[10] *Liberty Lobby*, 477 U.S. at 252 (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 447 (1871)) (alteration and emphasis in original).
[11] *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020).
[12] *Celotex*, 477 U.S. at 323.

3

dismiss stage of proceedings a district court is obligated to accept the allegations in a plaintiff's complaint as true, it does not accept mere allegations as true at the summary judgment stage."[13] The moving party must identify those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[14] "Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."[15]

For movants and nonmovants alike, the assertion "that a fact cannot be or is genuinely disputed" must be supported by: (1) citations to particular parts of materials in the record that go beyond mere allegations; (2) a showing that the materials cited do not establish the absence or presence of a genuine dispute; or (3) a display that an adverse party cannot produce admissible evidence to support the fact.[16]

When the movant properly supports his motion, the nonmoving party must show the need for a trial by setting forth "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

---

[13] *Wiest v. Tyco Electronics Corp.*, 812 F.3d 319, 330 (3d Cir. 2016).
[14] *Id.* (internal quotations omitted).
[15] *Id.*
[16] Fed. R. Civ. P. 56(c)(1).

of either party."[17] The nonmoving party will not withstand summary judgment if all it has are "assertions, conclusory allegations, or mere suspicions."[18] Instead, it must "identify those facts of record which would contradict the facts identified by the movant.'"[19] Moreover, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the Court may "consider the fact undisputed for purposes of the motion."[20] On a motion for summary judgment, "the court need consider only the cited materials, but it may consider other materials in the record."[21]

Finally, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[22] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[23]

### B.   Undisputed Facts

With that standard undergirding the framework for review, the Court now turns to the undisputed and relevant facts.

---

[17] *Liberty Lobby*, 477 U.S. at 250.
[18] *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010).
[19] *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2003).
[20] Fed. R. Civ. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).
[21] Fed. R. Civ. P. 56(c)(3).
[22] *Liberty Lobby*, 477 U.S. at 249.
[23] *Id.* at 249-50 (internal citations omitted).

The Decedent and Lorrieann Rosemeier owned a property as tenants by the entirety located at 229 South Hanna Street, Lock Haven, Pennsylvania.[24] Collision Center has operated its principal place of business at this address at all times relevant to the dispute before the Court.[25] Prior to his death, Decedent executed a will that named Stephen Poorman as executor of Decedent's Estate.[26] When Decedent died on November 18, 2019, Poorman was appointed as executor of the estate.[27] On December 11, 2019, Poorman, in his role as executor of Decedent's Estate, entered into the Lease, which allowed Collision Center to lease the Subject Property at a rate of $605.00 per month, to be renewed automatically each year for up to ten years.[28] To date, Collision Center remains in possession of the Subject Property.[29]

Rosemeier and Collision Center are also engaged in ongoing litigation in the Court of Common Pleas of Clinton County, Pennsylvania relating to other disputes over Decedent's Estate.[30] On June 19, 2020, the Honorable Michael F. Salisbury of that court concluded that immediately upon Decedent's death, Rosemeier "became vested with fee simple interest" in the Subject Property, and that Decedent's Estate "lacked any interest" in the Subject Property.[31]

---

[24] Doc. 35 ¶ 3; Doc. 37 ¶ 1; Doc. 37 at 7 ("Robert Rosemeier . . . deeded the property to himself and the Plaintiff").
[25] Doc. 35 ¶ 4; Doc. 37 ¶ 1.
[26] Doc. 35 ¶ 6; Doc. 37 ¶ 12.
[27] Doc. 35 ¶ 5; Doc. 37 ¶¶ 11-12.
[28] Doc. 35 ¶ 8; Doc. 37 ¶ 9; Doc. 37 at 9.
[29] Doc. 35 ¶ 11; Doc. 37 ¶ 1.
[30] Doc. 35 ¶ 12; Doc. 37 at 9.
[31] Doc. 35 ¶ 13; Doc. 37 at 9; Doc. 1-3 at 3.

### C. Analysis

#### 1. Ownership of the Subject Property

Despite Judge Salisbury's ruling, Collision Center contends that the Lease is legally valid because Decedent's Estate maintained an ownership interest in the Subject Property.[32] Collision Center makes several arguments related to Poorman's duty to maximize the value of the Estate by generating income and Decedent's attempts to disinherit Rosemeier in his Last Will and Testament to support the Lease's validity.[33] These arguments are, however, entirely superfluous as they relate to ownership of the Subject Property in light of Judge Salisbury's inescapable conclusion that that the Subject Property was owned by both Decedent and Rosemeier as tenants by the entirety.[34] On Decedent's death, ownership immediately and automatically passed to Rosemeier.[35] The Estate did not have any interest in the Subject Property, and Decedent's wishes, expressed in his Last Will and Testament or not, had no bearing on its ownership.[36] In sum, the Lease is invalid – Poorman and Decedent's Estate could not lease land to Collision Center that they had no right to own or possess.

Perhaps recognizing that Judge Salisbury's decision is fatal to its defense, Collison Center asks this Court to overturn a state court decision and then go about

---

[32] Doc. 37 at 4.
[33] *Id.* at 4-9.
[34] Doc. 1-3 at 3.
[35] *Id.*
[36] *Id.*

7

relitigating the issue of whether Decedent's Estate retained any ownership interest in the Subject Property.[37] This is a misreading of the Supremacy Clause of the Constitution of the United States.[38] While the Supremacy Clause generally grants federal law precedence over state law, it is erroneous to argue that it gives federal courts the broad authority to overrule state court decisions. The *Rooker-Feldman* doctrine[39] "prohibits federal courts from adjudicating cases brought by state-court losing parties challenging state-court judgments."[40] It would be improper for this Court to overrule a decision issued by a state court that was based solely on Pennsylvania state law. Consequently, this Court defers to that decision, and finds the Lease invalid.[41]

### 2. Ejectment

Having determined the invalidity of the Lease, the Court now turns to the issue of ejectment, as Rosemeier has requested an order directing Collison Center to vacate the Subject Property.[42]

---

[37] Doc. 37 at 9.
[38] *Id.*
[39] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).
[40] *Reed v. Goertz*, 143 S.Ct. 955, 960 (2023). Unlike the plaintiff in *Reed*, Collision Center is not challenging the statute or rule that governed a state court decision, but the adverse decision itself. This is exactly the kind of arguments prohibited under the *Rooker-Feldman* doctrine.
[41] *See id.*
[42] Doc. 34 at 1.

"Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession."[43] "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation."[44] In an ejectment action in Pennsylvania, a plaintiff must demonstrate that he is entitled to immediate possession of real property, and that defendant is wrongly in possession of said property.[45]

Here, there is no dispute over who is in possession of the Subject Property: Rosemeier is out of possession, and Collision Center is currently in possession.[46] Additionally, as discussed above, the only person or entity with the right to possess the Subject Property is Rosemeier. Despite Defendant's arguments to the contrary, the deed to the Subject Property is in Rosemeier's name, and she assumed sole ownership of the Subject Property upon her husband's death.[47] Neither Poorman nor Decedent's Estate ever had an ownership interest in the Subject Property;[48] nor could the Estate lawfully encumber it, so any Lease it authorized is invalid.[49] Accordingly, there is no genuine issue of material fact on the issue of ownership rights of the

---

[43] *Billig v. Skvarla*, 853 A.2d 1042, 1049 (Pa. Super. Ct. 2004).
[44] *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002).
[45] *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 79 (Pa. Super. Ct. 2007).
[46] Doc. 35 ¶ 4; Doc. 37 ¶ 1.
[47] Doc. 1-3 at 3; Doc. 37 at 7.
[48] Doc. 1-3 at 3.
[49] *Id.*

Subject Property, either. Collision Center has not raised any specific facts that contradict the facts put forth by Rosemeier, and on that point there is no genuine issue for trial. As a matter of law, Collision Center has no defense against ejectment.

### 3. Damages

Rosemeier has also requested a trial on the issue of damages related to Collision Center's continued unlawful occupation of the Subject Property.[50] In an ejectment action, the Court may grant a "trial limited to the issue of damages for wrongful use and occupancy of the premises."[51] The Court grants Rosemeier's request.

## III. CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of Rosemeier.[52]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50] Doc. 34 at 1.
[51] *Doyle v. Goldman*, 180 A.2d 51, 52 (Pa. 1962).
[52] Because the Court grants Rosemeier's Motion for Summary Judgment, it will deny as moot her Motion to Strike (Doc. 39).